Gubia, per
Colcock, J.
As a general rule, it is clear that a purchaser who takes possession, and remains in the uninterrupted enjoyment of it, or who receives the i • i • i i , , , . rents and profits, is liable to the payment or interest, • — and it is a. rule founded on the purest principles equity and justice. It does not always happen that make judicious bargains, but generally speaking a Court may well presume that the use of property is worth interest of the money. At all events it is a fair presumption, when nothing to the contrary appears. And in cases where it becomes necessary to allow compensation for the use of property, in the absence of evidence, the value which the purchaser has put on the property must be considered the most correct guide for the Court. But although, as a general rule, the purchaser be liable for interest, yet there may be cases in which I should hold he was not liable, as where a purchaser immediately, on finding that there is a difficulty about the title, offers to rescind the contract, to redeliver the possession and ceive back the money advanced — and this is refused by the vendor: I say redeliver the possession on receiving *404 the money advanced, for I would not be understood to mean that the purchaser should give up the possession without the repayment of the money advanced: on the contrary he should hold it as an indemnity. Or where the purchaser deposits the money in bank or with an agent to await the completion of the title, and gives no- . 1 . tice to the vendor that he has done so, and does not m-tend to be answerable for interest. The case of Powell v. Matyr, 8 Ves. 146, is very analogous, both as to the • J’ , . ’ , . , c , facts and the principles, to this case. A part ot the mo-ney was Pa'd and deposit made of the balance. The Master of the Rolls decreed the payment of interest: after jay¡ng ¿[own the general rule, he admits there may be exceptions, and adds “ it must be a strong case and clearly made out.” In this instance he says, it is proved only that the party, having money in his attorney’s hands, makes up the amount of the purchase money, and during the whole time elapsed in clearing the title it remains in his hands — perhaps he loses the interest — that is during that time the interest was not made. It does not appear whether interest was made or not, or if made what has become of it. It does not follow that the mere circumstance that the vendor was not ready to complete the title at the day will vary the rule. The purchaser must state- something more than mere delay, viz. that he has not had the benefit of his money; and I think it is reasonable to add the other term that has been mentioned, that in some way it shall be intimated to the vendor that the purchaser has placed himself in that situation, his money unproductive and to. wait the event, otherwise there is no equality. The one knows that the estate produces rent, the other does not know thát the money does not produce interest. Whenever, therefore, the purchaser is delayed aS to the title and means to insist upon this, he ought to apprize the other party that he is making ho interest. In the case of Fludyer v. Cocker, *405 12 Ves. 25, the defendant took possession on paying a part, and afterwards refused to pay interest, on the ground that titles were not made at the day. The Master of the Rolls treats it as a case admitting of no doubt. He says, what are the legal rights is totally immaterial; that here the purchaser could not have aright to the estate, nor the vendor to the money, until the conveyance was executed. But that has nothing to do with the mode in which this Court executes the agreement. The purchaser might have said he would not have any thing to do with the estate until he got a conveyance. But that is not the course he took here. He enters into possession — an act that generally amounts even to a waiver of objections to the titles. He proceeds on the suppo- ■ •ii -ii i i mi sition that the contract will be executed. The act of taking possession is an implied agreement to pay interest. For so absurd an agreement, as that the purchaser is to receive the rents and profits, to which she has no legal title, and the vendor is to have no interest, as he has no legal title to the money, can never be implied. And the principle has been acted on invariably in our own Courts, both of Law and Equity. See the case of Ramsay and others v. Brailsford, 2 Desaus. Rep. 592, and the case of Boyle v. Rowand, 3 Desaus. Rep. 555, and the case of Hood v. Huff, 2 Const. Rep. 163.
Taking pos-Orally awai-ver of title, and is an ím-plied agree-interest.1^
Notice infer-cumstances”
Now, to apply the principles to the case before us. The purchaser took possession; has never discovered any disposition, nor made any offer, to give up the contract, but remained in the quiet and undisturbed possession to the present moment, always shewing an anxiety to obtain titles. She did deposit the money to pay ior the land with her agent, who paid a part, a large part of it, and retained the balance, on account of the titles not being made, until 1816, when he invested it in negroes for the defendant. Now, it may be inferred that this was communicated to the vendor, and there *406 fore the purchaser is entitled to the benefit of that fact. She however withdrew the fund in 1816, and was not after that subjected to any inconvenience not originally known to her. The Chancellor in the decree considers that an insurance could not be effected-on the property. But this is a mistake j for if she had been so disposed, an insurance might have been effected. A. may insure the property of B. The right of property is a matter of no importance to the insurers. So long then as the defendant’s money remained in the possession of her agent unproductive, she is not liable to pay interest. But from the time it was invested for her benefit, that is from 1816, it is ordered and decreed that she pay interest, and that the decree of the Chancellor be so modified as to meet this view of the case.

Decree modified.